Barbour, C.J.
(concurring). I think the objection of the defendants to the question touching the general custom of newspaper offices in regard to the period during which advertisements are inserted, where no time is specified, and their exception to its admission, were well taken. Evidence of the custom of newspaper publishers in that regard would no more tend to establish a valid custom, binding upon persons dealing with them in ignorance thereof, than would proof of a contrary custom on the part of advertisers. The plaintiff might, perhaps, have been entitled to prove a general custom as between publishers and advertisers, and within the knowledge of each, as a class, by which their dealings with each other in this respect were regulated, but he had no right to prove his custom, and that of other publishers, unless such evidence was connected with, or followed by, proof that such custom was known to the defendants, or, at least, that the custom was general, and was so well known to and universally acquiesced in by advertisers, in their dealings with the former, that the defendants might well be presumed to have knowledge of such usage.
But, although the admission of the testimony in question was erroneous, I do not think the defendants were prejudiced or injured thereby. For it is a rule of common sense, and therefore of law, that where an advertisement is handed to the publisher of a periodical newspaper, with a general direction to publish the same, and without limitation as to the period during which the publication shall be continued, such publisher has a right to assume that the advertiser desires to have the same,inserted in each paper, as published, until he shall direct it to be discontinued, unless the advertisement is itself of such a character that the publisher would be bound to assume that the advertiser designed to limit its publication to a certain period; such an one, for instance, as an advertisement of a sale or other act, to take place on a certain day. The advertisement itself, in the latter case, would, of course, be sufficient to inform the publisher that the advertiser could not desire to have the publication *446 continued beyond that day. The application of this rule of law to the facts proven, therefore, rendered the evidence touching the existence of a custom among newspaper publishers, which was in conformity with the rule of law, wholly unimportant; and, for that reason, its admission did not tend to the prejudice of the defendants.
Subject to these remarks, I concur in the opinion that the judgment should be affirmed.